UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>　　*Plaintiff*, | )<br>)<br>) | CIVIL NO. 3:22-CV-00303 (KAD) |
| v. | )<br>) | |
| JOHN DOE, *subscriber assigned IP address* 73.126.130.219,<br>　　*Defendant*. | )<br>)<br>)<br>) | |
| | ) | MARCH 9, 2022 |

### ORDER RE: [8] MOTION FOR LEAVE TO SERVE
### THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

Kari A. Dooley, United States District Judge

　　Plaintiff Strike 3 Holdings, LLC (the "Plaintiff") alleges that defendant John Doe, identified only by an IP address, (the "Defendant") committed copyright infringement by distributing the Plaintiff's adult films using BitTorrent, a peer-to-peer file distribution network. ECF No. 1. By motion dated March 8, 2022, pursuant to Fed R. Civ. P. 26(d)(1), the Plaintiff requested leave to serve a third-party subpoena on the Defendant's internet service provider ("ISP") for the limited purpose of discovering the Defendant's identity so as to be able to effectuate service upon the Defendant and proceed with the case. ECF No. 8.

　　The Court first observes, however, that although the information sought may be probative of the John Doe Defendant's identity, it is not, by any means, conclusive on the issue. Indeed, the ISP subscriber may, or may not, be the individual who purportedly infringed the Plaintiff's copyright. Accordingly, the Court's reference to "the Defendant" in the orders that follow should not be construed as a determination by this Court that the subscriber to the IP Address identified in the caption is, in fact, the purported infringer.

The Court has reviewed Plaintiff's motion, supporting memorandum and affidavits, as well as relevant Second Circuit authority. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (setting forth five factors for consideration). Largely for the reasons set forth in the Plaintiff's memorandum,[1] the motion is granted subject to the following limitations. These limitations arise out of concerns regarding the potentially coercive effect of public disclosure of the Defendant's identify and the attendant impact on the due administration of justice. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 15-cv-4369 (AKH), 2015 WL 4092417 (S.D.N.Y. July 6, 2015); *Malibu Media, LLC v. Doe*, No. 15-cv-1883 (LTS) (KNF), 2015 WL 1780965 (S.D.N.Y. Apr. 10, 2015); *Malibu Media, LLC v. Doe*, No. 15-cv-4381 (JFK), 2015 WL 4923114 (S.D.N.Y. Aug. 18, 2015).

It is ORDERED:

1. The Plaintiff may immediately serve a Rule 45 subpoena on the Defendant's ISP to obtain the Defendant's name and current and permanent address but not the Defendant's e-mail addresses or telephone numbers. The Plaintiff shall serve the Defendant's ISP with a copy of the complaint filed in this lawsuit (the "Complaint"), this Order, and the subpoena.

2. The Plaintiff may only use the Defendant's name and address, if obtained from the Defendant's ISP, for the purposes of this litigation. The Plaintiff is ordered not to disclose the Defendant's name or address, or any other identifying information other than the Defendant's ISP number. The Plaintiff shall not publicly file any of the Defendant's identifying information and shall file all documents containing the Defendant's identifying information under seal until such time for the Defendant to seek an order permitting him to proceed under a pseudonym has passed.

3. After having been served with the subpoena, the ISP shall, within 30 days of such service, provide the Defendant/ISP subscriber with:

---

[1] In particular, with respect to the five factors set forth in *Arista Records, LLC*, 604 F.3d 110, (1) Plaintiff has stated a prima facie case for actionable harm due to copyright infringement; (2) Plaintiff has narrowly tailored and specified the information sought by the discovery request (the alleged infringer's identity: true name and address); (3) there are no alternative means to obtain the subpoenaed information; (4) the subpoenaed information is necessary to advance the claim at issue; and (5) Plaintiff's interest in protecting its copyrights from mass BitTorrent infringers outweighs Defendant's right to privacy in these circumstances.

    a. A copy of the subpoena, the Complaint, and this Order; and

    b. Notice that the ISP will comply with the subpoena and produce to the Plaintiff the information sought in the subpoena unless, within 60 days of said notice, the Defendant files a motion to quash the subpoena or for other appropriate relief in this Court. Notice may be accomplished by any reasonable means, including in writing sent to his or her last known address transmitted either by first class mail or overnight service.

4. The Defendant shall have 60 days from his receipt of the Rule 45 subpoena and this Order to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate any motion filed under a pseudonym. The ISP may not turn over the identifying information of the Defendant to the Plaintiff before the expiration of that 60-day period. Additionally, if the Defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena under a pseudonym, the ISP may not turn over any information to the Plaintiff until the issues have been adjudicated by the Court.

5. The Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

6. Any information ultimately disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting the Plaintiff's rights as set forth in its complaint.

The Plaintiff shall not initiate settlement discussions with the Defendant prior to effectuating service of the Complaint upon the Defendant and filing proof of such service.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of March 2022.

          /s/ Kari A. Dooley
      KARI A. DOOLEY
      UNITED STATES DISTRICT JUDGE